The first case today is number 24-1310, Matthew Waleyko v. Carlos Del Toro. At this time, would counsel for the appellant please introduce herself on the record to begin. Good morning, your honors. I am attorney Sonia Dio for the appellant. Chief Judge Barron, I would request to reserve two minutes for rebuttal. You may. Your honor, we are here today because the underlying complaint that was filed in this matter was dismissed upon a finding by the lower court that my client had not alleged facts that lead to an inference that there is an inference of sex discrimination. We contend that that is very different based on the facts that are put forth in the complaint. As put forth in our papers, I do want to highlight the following. One is that there are deficiencies in how Mr. Waleyko's situation was handled. Yes, your honor. Since no one has given us the actual letter saying either resign or be terminated, all we have are the descriptions in the complaint. Could you tell us from the complaint what the grounds were for terminating? Actually, I can. I believe I did allege that, your honor. You seem to assert that there were three grounds. Your honor, I believe that the reasons that we're giving were the sexual harassment, the stalking allegations, and the allegation with respect to the deleted code. Okay. As to the code, what is your argument that that was not sufficient to cause the employment action, and then number two, that that was based on gender discrimination? Your honor, two things. One is that goes to the procedural irregularities I began referring to. In fact, he hadn't stolen the code, and it was known at the time that he was terminated that he had not stolen the code. There's an allegation of continued investigation by certain actors. Is there anything in the complaint that says they knew he had not stolen it when they continued to investigate? There is an allegation in there that says that the captain who was investigating it wasn't stolen, and I also believe that I... And that he continued to investigate after knowledge of that? Yes, your honor. And that goes to the overarching theme that we raised here, which is that essentially my client was employed in a very reactive Navy environment, where two things are certainly... So just to make the claim of... Obviously, just the fact that you continued to investigate something after it was known that you didn't do it doesn't prove sex discrimination. So I take it in your brief, the reason to plausibly infer it that's given is the fact that people who made false allegations about the code were not investigated afterwards? That is, in fact, alleged in the complaint. And is that the basis, then, for drawing the inference that the fact of the continued investigation of him for the code when it was known that he hadn't done anything wrong with the code is sex discrimination? That is part of the basis for that, your honor. So just help me just on that particular part. Yes. One difficulty is that those aren't necessarily symmetrical things. So just help me understand what's the inference that you think it's reasonable to draw from those two alleged facts? The one that there was a woman who falsely alleged and was not investigated, and there was a man who was investigated for using the code even though it was known he hadn't done it. Right. And I agree with you that they're not exactly symmetrical. In fact, I think once it's known that someone hasn't done a particular act, investigating them is probably more concerning. We have here a woman who makes a false allegation. She's not investigated for it. It's known she made the false allegation. And we have a man here, and one of the reasons that was put forth for his termination was that he had allegedly, I use the word stolen, the code, which goes into this whole insider threat issue. And the person who's doing that investigation who it's alleged knew when he continued to investigate that he hadn't stolen it is whom? I believe it's – there's a couple of different individuals that both knew. Both the code 45 head, I believe, is put in the complaint, and Captain, I'm going to say Andrews, could be Anderson, but it is specifically named in the complaint. The other part of this, Your Honor, is one of the reasons, and this is in the EEO report, as it's put out in the complaint, that the code 45 head recommended that my client be terminated is for the sexual harassment allegations on his part that were never investigated. The woman's claims were investigated. His were not. He was never asked to testify. He was never asked questions about it. Then there is the citation to this idea that he himself is – let me find the exact word here – he is seen to be the insider threat because he's crying in the workplace. That actually is investigated by security personnel and put aside, but that's cited as one of the reasons that he's terminated within the EEO report. So that is one of the three when you answer Judge Lynch's question. Is that an additional ground? That is not – so there's two individuals that are involved in the termination of my client. There's the code 45 head who has a conversation that's cited in the EEO report that states what I'm telling you. Then there's information he puts in the termination, which is different from that. In other words, the three reasons I stated earlier for what I believe was in the termination letter are what was there. It's alleged in the complaint he has a conversation that he indicates that these are other reasons for that recommendation. Essentially, I don't believe that a woman, as it's alleged in the complaint, in this environment would have been investigated as a threat because she was crying in the workplace, and that certainly would not have been cited as a reason for her termination. And the sole reason he was investigated as an insider threat is because he cried in the workplace? Yes. That is my understanding. And then the allegation is he has knowledge that other women cried in the workplace who were not investigated as – so that's a direct comparator is the claim? It is a direct – yes, I believe it's a direct comparator if you're talking about just gender within the workplace, absolutely. I'm not certain that that's what the district court found when they were talking about comparators as far as positions held. I believe that that's an equal comparison, however. Are you saying there are facts in the record that women employees were crying? There is. In fact, I alleged that in the complaint, Your Honor. You alleged it. What's the allegation? The allegation specifically is that – I believe it is that there were – I'm sorry, Your Honor. I can provide that. It's 9 paragraph 49, what you cite in your brief. Your Honor, I'm out of time. You can answer this question. I'm sorry. Unless you want to do it under a bottle if you don't have it handy. I think that, yeah, plaintiff knows of numerous women who have cried in the workplace and were not investigated for that particular issue. Thank you. And just to clear that up, the allegation is that the sole ground for investigating him for being an insider threat was just the fact that he cried in the workplace? Yeah, and the other part of that, I suppose, Your Honor, is the alleged code that – that's what I'm saying. The sole basis as alleged in this complaint for the insider threat ground for termination was that he cried in the workplace.  Thank you. I'm sorry. Before you sit down, are you saying that was articulated to him as a reason that he was a threat A and B, that the threat was based on his having cried, or that you infer from the termination that that was one of the things that led to it? The Code 45 had a conversation that is cited in the complaint where the Code 45 head, who is the person that signed the termination letter, indicates that that is the part of – part of the reason that he recommended the termination. Even though that's not in the termination letter? Correct. Does that answer your question, Your Honor? Well, it does cause me to ask a question about your initial statement that there were three reasons, and whether those, in fact, are the reasons stated in the letter, or you are now saying they're based on things other than what was in the letter of termination. Your Honor, what I can say is that there's inconsistency between what was put forth – You didn't do that, and now it appears that the allegations in the complaint are not, in fact, based on what was in the letter. Maybe just – if I'm understanding what you're saying, you tell me if I have it wrong. If the question is, does the complaint allege grounds in the termination letter, you say, yes, those are the three grounds. If the – I'm sorry, go ahead. As to what the letter says, right? The letter says certain basis is the grounds. Yes. I guess what I'm alleging is that the grounds are larger. I understand, but what I'm asking – the complaint alleges that the letter gave those three grounds, or does the complaint not allege that? It doesn't explicitly. I think Judge Lynch is correct. Okay, so your complaint – I don't think that it specifically says that. And so the complaint – so you tell me – Yes. What is the complaint alleging are the grounds for termination? Forget the letter. Just what does the complaint allege were the grounds for termination? The alleged sexual harassment, which is because of the two carpooling incidences. The allegation from Ms. Gallagher that my client was stalkerish because he allegedly was going to send her a gift. Allegations that my client was an insider threat based on crying in the workplace where women are not treated the same way. The allegation of the coat theft, where we cite in to some studies about Mr. Snowden. I guess we could talk about Texera, but all of those things. So those are the four grounds that the complaint alleges were the basis for the termination. I'm thinking there's a fifth, Your Honor, but it isn't coming to my mind. If I may? The complaint itself alleges three grounds. And that's what you started with. Now it's four grounds. Maybe it's five grounds. Well, I guess I'm – The complaint alleges the insider threat as a ground. Yes. But that's not in the letter. That's in – you say that's based on a conversation. Yes, ma'am. And the conversation that is referred to, that's alleged in the complaint? It is. Yeah. And does the complaint reference the letter? The complaint said that he received a letter of termination. As I understand, that is the extent of the allegation that I have about that letter in the complaint. Okay. And then you say there were these three grounds that are not the insider threat, but the complaint also alleges insider threat based on this conversation from the Code 45 head. Exactly, Your Honor. Alleged to have said that's one of the reasons why I recommended termination. Yes, Your Honor. Okay. So then you say, and the only basis for that was that he cried. Yes. Based on the conversation, it was you just said one of the bases I recommended termination. But that doesn't – and then you say, but it's not in the letter. So why would one assume that a recommendation not stated in the letter had been accepted by the authorities who signed the termination letter? Because the person who said he made that recommendation is the person who signed the letter. It's the Code 45 head in both instances. Okay. All right. Thanks. Thank you. Thank you, counsel. At this time, would counsel for the appellee, Del Toro, please introduce herself on the record to begin? Good morning. Bethany Wong on behalf of the Secretary of Navy, and may it please the Court. The district court's decision dismissing plaintiff's complaint for failure to state a claim. We're here on de novo review, so can you just make the argument? So why didn't the government just put the – append the letter of termination to your motion to dismiss? Presumably it would have been not objected to. Your Honor, we could have done that. The complaint itself states that the reason for plaintiff's termination was conduct, and the complaint itself provides a number of reasons that the plaintiff believes led to the termination. But the important piece here is none of the allegations raised in the complaint are sufficient to give rise to a plausible inference that the termination was tied to plaintiff's gender. What about the insider threat? Do you accept that that is alleged to be a ground for termination? Yes, although I'm not sure that it's limited simply to the crime. There was also the concern that the plaintiff had deleted or mismanaged files, which could also lead to some type of insider threat security concern, Your Honor. When you say you're not sure, what does the complaint allege with respect to the basis for the insider threat? I believe that the complaint is a little bit unclear, but there are both allegations that he mishandled files and that he was an insider threat. Those may be connected in the plaintiff's mind, Your Honor, but those are both listed in the complaint. Those, the government – Well, let's do it this way. Sure. If I told you your opponent is arguing that the complaint alleged the sole basis for the insider threat was that he cried in the office, would you agree with that characterization of the complaint? If that's what the plaintiff is arguing, then that could be a characterization. However, Your Honor – The complaint also alleges women in the workplace were seen crying and they were not investigated as insider threats. Why wouldn't that be a basis for the plausible inference that it was sex-based to fire him based on being an insider threat solely based on him crying? First, because this Court in the Paul case specifically considered a situation where a plaintiff had been alleged to have cried in a workplace and had been reprimanded for crying in the workplace and told to toughen up. And this Court found that that was not a sufficient basis to infer discrimination on the basis of a gender stereotype. In that case, were there people of the opposite sex who had also been crying who were not so told or reprimanded? No. Okay, so in this case, which the allegation is there are people of the opposite sex who engaged in the same behavior and that were not investigated and fired for being that. So what's your answer to why that's not a sufficient basis? In the complaint, there are no additional facts regarding that situation. No facts about what the supervisor did when the crying took place. No further facts that actually show, other than a guess, that that was the basis for the termination decision or the basis for the concern that he was a security threat or an insider threat. And I would also note that there are a number of concerns that were raised about the plaintiff's conduct based on the complaint itself, not just the one, from multiple sources, not just one person. And the plaintiff in the complaint otherwise does not identify any women who were in fact treated differently, only speculates, only guesses about what would have happened. He doesn't name the women, but he says he saw other women crying who were not then investigated as an insider threat. But that's not specific about that. That's a pretty big jump, though, to say that at one time he cried in the office. He thinks that that may have been the basis for considering him to be a security threat or an insider threat. He then thinks that that may have factored in the decision to fire him when there are other allegations that he actually mishandled project files. I should note that in the Navy, anyone who is considered to have mishandled code or deleted code or mishandled it in any way, that's a serious concern, and the Navy needs to look into that, regardless of the gender of the person who did that. So that's a very obvious, on the face of the complaint, an obvious other reason for considering whether or not this individual was a security threat. It sounds like you're disputing whether the complaint fairly can be characterized as alleging that he was fired as an insider threat because he cried in the office. That was one of the bases for the charge. You say the complaint on its face provides other reasons that would support the insider threat, and so you can't take that crying allegation apart from the other things that are in the complaint that would have led mishandling of files, so on, that would have led to the notion that he was a threat inside the institution. That's correct, Your Honor. That is what I'm arguing. What are the other things other than mishandling the files? Well, there's, you mean specific to the insider threat concern? Yeah. So the coworker said that he reminded her of an active shooter, for example. There was a supervisor apart from that coworker who had concerns about whether or not he was a security threat. I would note that on paragraph 60 of the complaint, there's discussion of the fact that this concern about being an insider threat was raised to the ultimate decision maker, presumably after the files were found. The complaint is unclear about whether it truly was resolved because the files were found. Clearly, the supervisor was concerned about the plaintiff's handling of files generally, and that alone is sufficient for a termination. You should note that the Navy is free to fire a probationary employee for any non-discriminatory reason. They don't need good cause. It could be that he didn't get along with the coworker. It could be that they didn't trust him. That's enough. There's no allegation in the complaint that the Code 45 head identified his crying in the office as the reason for treating him as an insider threat. No, Your Honor. That's just a link he's asking us to draw from the fact of the crying and the fact that the Code 45 head gave that as a reason for recommending. That's correct, Your Honor. There's a lot of speculative leaps that are made by the complaint here, and that is why the government is pointing to the fact that this court holds that there must be that causal connection between . . . What about the allegation regarding the continued investigation of him following, as alleged, their knowledge that the Code had not been deleted in comparison to people of the opposite sex who falsely alleged, as alleged, that he deleted the Code and then were not investigated? Your Honor, first I would point out that I think a continued investigation actually indicates that there were continuing concerns, even if the files were ultimately found. But secondly, to the extent that . . . What would be the concern? That he had mishandled the files in some way. Even if they were found, that doesn't mean that he appropriately handled them. But putting that aside, to the extent that Plaintiff is trying to raise a comparator through that supervisor, he doesn't allege that he ever falsely accused somebody else of mishandling files and was treated differently. So it doesn't seem clear how those could possibly be comparators, in addition to the fact that that was a supervisor and he was a probationary employee, so they were certainly not similarly situated in that way. He also doesn't allege that there were any similar allegations made against any women within Code 45 about mishandling files. So there is no one else for him to compare himself to. So whichever way he's trying to make the comparators, Your Honor, it doesn't work. And that is a fundamental problem with Plaintiff's complaint throughout, is that he actually admits that there were no similar allegations made against women for any of these things. And without that, he can't really point to there being different treatments. The key to that, though, is I take it that you're saying the complaint doesn't provide a basis for a plausible inference that knowing he had done nothing wrong, they continued to investigate him. Your Honor, first, I don't think the complaint clearly states that every decision-maker knew that, Your Honor. And in fact, it states that the ultimate decision-maker just didn't look into the allegations of sexual harassment, not that he knew that they were false, first of all. And secondly, the complaint makes... I meant particularly with the code deletion. With the code issue, he alleges that it was ultimately found. I do, again, think that... But you're saying that you can't draw the inference that, therefore, they knew he had done nothing wrong. That's correct, Your Honor. I don't think that that's a fair inference to draw. Regardless, the fact that anyone had any kind of concern, valid or not, that he had mishandled code, does not mean that he was fired on the basis of gender discrimination. As noted before, the Navy could have made an incorrect decision. I'm not here to argue that the Navy's decision was absolutely correct. The allegation was that you could use the comparator as the person who made the false allegation who was not investigated, who was of the opposite sex. But you're saying that's not a fair comparator because it's not symmetrical conduct since they may have had reasons for continuing to investigate him even though the code was found. That is correct, Your Honor. They're not similarly situated, and that's not an appropriate comparator. And the Navy could, for any of these reasons, have fired the plaintiff. It could be unfair. It could be that he's not well-liked. It could be that they didn't trust him. All those are valid reasons for terminating a probationary employee. He's an at-will employee. The Navy does not need good cause. And here there is simply no sufficient facts alleged that would give rise to an inference that it was based on gender. And for those reasons, the government asked that the decision be affirmed. Thank you. Thank you, Counsel. At this time, would Counsel for the Appellant please reintroduce herself on the record to begin? She has a two-minute rebuttal. Good morning again, Your Honors. I am Sonia Dio for the Appellant. The one thing I do want to point out is you had asked me what the other basis was stated, and that is the allegation that my client was a, quote, seemed to be the active shooter vibe. That was the other allegation that Ms. Gallagher had made that was cited by the Code 45 head. The other part of it is that the complaint alleges that the claim against my client was that he had deleted the code. It wasn't that he had mishandled the code. It was that he had deleted the code. And that is the specific allegation that is made within the complaint with respect to the Code 45 head referring to this matter. It isn't that he mishandled it. It's that he deleted it. If you have any questions for me, I certainly would respond to them. I appreciate your time, Your Honors. Thank you, counsel. That concludes argument in this case.